U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

APR 2 6 2007

ROBERT A. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ANDREW BOSTIC<br>FED. REG. NO. 05743-055<br>VS.<br><br>FREDRICK MENIFEE, WARDEN | CIVIL ACTION NO. 06-2313<br><br>SECTION P<br>JUDGE DRELL<br>MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2241) filed on December 7, 2006 by *pro se* petitioner Andrew Bostic. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP); he is incarcerated at the United States Penitentiary, Pollock, Louisiana where he is serving the 108-month sentence imposed following his 1992 convictions for drug related offenses in the United States District Court for the Western District of New York.

Petitioner does not contest his conviction; nor does he contest the sentence imposed following conviction. Rather, he seeks "... pre-sentence credit time for time served on [the] state sentence before the federal sentence was imposed for approximately six (6) months from September 5, 1991 [through] March 27, 1992 for a total of 214 days credit..." [doc. 1-4, p. 1] He implies that the BOP failed to apply approximately 6 months of jail credits when they calculated his release date.

This matter has been assigned to the undersigned for review, report, and recommendation in accordance with the provisions of

28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE.**

### *Statement of the Case*

Petitioner was convicted of 3 counts of robbery in a New York state court and on or about July 21, 1988 he was sentenced to serve 8 -16 years in the custody of the New York State Department of Corrections. He was incarcerated at the Auburn Corrections Facility for that purpose.

On September 5, 1991, while he was in the custody of New York's Corrections Department, federal charges were filed against him in the United States District Court for the Western District of New York in the matter entitled *United States of America v. Andrew Bostic*, No. 1:91-cr-00212. On January 10, 1992 petitioner entered into a plea agreement and pled guilty to three felonies. On March 27, 1992 he was sentenced to serve consecutive sentences totaling 108 months. These sentences were also ordered to be served <u>consecutive</u> to the New York sentence he was then serving. Petitioner was returned to the New York authorities following the imposition of his federal sentence.

On November 9, 2001 he completed (or was paroled from) his New York sentence and entered into the physical custody of the BOP. [doc. 3, Exhibit 2; p. 30 and p. 46]

On or about February 16, 2006 petitioner submitted an

"Informal Resolution Attempt" form to prison authorities at the United States Penitentiary, Pollock. Petitioner requested credit for "time served in federal custody/official detention from September 5, 1991 until March 27, 2992 pursuant to 18 U.S.C. §3585(b)." [doc. 3, p. 36] On March 15, 2006 petitioner's request was denied. [doc. 3, pp. 37-38]

On March 29, 2006 petitioner submitted a Request for Administrative Remedy again requesting credit for the time he claimed was served in federal custody pending sentencing in the United States District Court. [doc. 3, p. 32] On April 24, 2006 his grievance was denied. In denying the grievance, Warden Menifee noted,

> ... state time spent under a Writ of Habeas Corpus from non-federal custody will not, in itself, be considered for the purpose of custody credit. The primary reason for custody is not the federal charge. It is considered the federal court 'borrows' an individual under the provisions of the writ for the purpose of the court appearance. <u>Contact with the Auburn Correctional Facility, New York, has confirmed you received credit from the date the United States Marshals Service executed the writ on you from the custody of the State of New York, September 5, 1991, through November 9, 2001, the date you paroled from your state sentence.</u> [doc. 3 p. 34 (emphasis supplied)]

On May 8, 2006 petitioner appealed the denial of his grievance to the Regional Director of the BOP. [doc. 3, pp. 25-26] On June 1, 2006 the Regional Director denied petitioner's grievance and on June 16, 2006 he submitted his final appeal to the BOP Central Office. [doc. 3, p. 23] On August 2, 2006 the

4

grievance appeal was denied as follows,

> You were produced in federal court via a writ, and, after sentencing, returned to the state to complete their sentence. Your consecutive federal sentence has been calculated to commence on the date you released from your state sentence. Federal statute and Program Statement 5880.28, Sentence Computation Manual - CCCA, prohibit the Bureau from awarding credit for the time you are requesting as it was time spent in the service of your state sentence. [doc. 3, pp. 23-24]

Petitioner filed his federal petition on December 7, 2006. In support of his claim that he is entitled to credit for the time spent in pre-trial custody on his federal charge he argues,

> ... on September 11, 1991, petitioner was placed on bail for $50,000 dollars and remanded back to state custody which he remained on pre-trial-status detainee until he was sentence [sic] on March 27, 1992, thus the Bureau of Prisons (BOP) produce [sic] no evidence that the petitioner received the Six (6) months he now request was ever credited to his state sentence which had a continuous running status from September 5, 1991 between March 27,1992... [doc. 1-4, p. 4]

### Law and Analysis

The Fifth Circuit has established that "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir.2000) (citations omitted). In order to prevail, a *habeas* petitioner must show that his liberty is being restrained in violation of the constitution, treaties, or

5

statutes of the United States. <u>United States v. Hayman</u>, 342 U.S. 205, 211-12 (1952). "*Habeas* relief is extraordinary and 'is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'" <u>Kinder v. Purdy</u>, 222 F.3d 209, 213 (5th Cir.2000) (*per curiam*) (quoting <u>United States v. Vaughn</u>, 955 F.2d 367, 368 (5th Cir.1992) (*per curiam*)).

Petitioner disputes the BOP's computation of his sentence. There are generally two issues related to the computation of federal sentences: (1) when does the federal sentence commence; and (2) is the prisoner entitled to credit for time served prior to the commencement of the federal sentence.

The Attorney General is responsible for incarcerating federal inmates, and this responsibility is administratively performed by the BOP. A prisoner must first seek administrative review of the BOP's sentence computation determinations. 28 C.F.R. §542.10 - 542.19. Once an inmate has exhausted his administrative remedies, then he may seek judicial review of the BOP's determination. <u>United States v. Wilson</u>, 503 U.S. 329, 335, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). As shown above, petitioner fully exhausted available administrative remedies prior to filing his federal petition.

For offenses committed after November 1, 1987, federal

sentence computation is governed by 18 U.S.C. §3585. United States v. Wilson, 503 U.S. 329, 332 (1992). That statute, entitled "Calculation of a term of imprisonment," provides:

> (a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence. (emphasis supplied)

Petitioner's federal sentence was ordered to be served consecutively to the New York sentence he was serving at the time the federal prosecution commenced.

According to the evidence submitted by the petitioner, he did not arrive at the Federal Detention Center to commence service of his federal sentence until November 9, 2001 [doc. 3, Exhibit 2, p. 30 and p. 46] and that is the date his federal sentence commenced in accordance with the above statute. He is not entitled to any pre-conviction credit for time served because he was already serving time on his prior New York sentence when

the federal prosecution commenced. In his response to the petitioner's grievance, Warden Menifee stated that the New York prison where petitioner served his state sentence had confirmed that petitioner received credit toward his New York sentence for the period of time contested by petitioner. Petitioner has provided no evidence or rational argument to refute that statement of fact. None of the documents submitted by petitioner suggest that the New York authorities required petitioner to serve any additional period of time in State custody to make up for the contested period between September 1991 and March 1992. Nor does petitioner even allege that he was required to serve additional time in New York custody.

In other words, the factual findings and conclusions of the BOP are consistent with the documentary evidence submitted by the petitioner and their legal conclusion are consistent with federal law. Petitioner has not shown that he is being restrained in violation of the constitution, treaties, or statutes of the United States, and therefore,

**IT IS RECOMMENDED** that the petition for writ of habeas corpus (28 U.S.C. §2241) be **DENIED** and **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted. Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to

file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _26th_ day of _April_, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE